THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 West Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff and all others similarly situated and the putative class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHELLE WARING, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

EARTH LIMOUSINES, LLC; and DOES 1 through 50, inclusive,

Defendant(s).

Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;
2) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and
3) Breach of Contract

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff MICHELLE WARING ("Plaintiff"), on behalf of herself and all others similarly situated, and hereby alleges as follows:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which states: "An action to

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.*.

2. This Court also has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence (i.e., the failure to properly pay all wages due and owing for compensable work performed yet unpaid) and there is no conflict between the procedures applicable to the FLSA and state law claims. *See Busk v. Integrity Staffing Sols., Inc.,* 713 F.3d 525, 528-30 (9th Cir. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims." (reversed on other grounds)).

3. A party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Revised Statutes ("NRS") Chapter 608. *See Neville v. Eighth Judicial Dist. Court of Nev.,* 133 Nev. 777, 783, 406 P.3d 499, 504 (2017) (recognizing that "The Legislature enacted NRS 608.140 to protect employees, and the legislative scheme is consistent with private causes of action for unpaid wages under NRS Chapter 608."); *HG Staffing, LLC v. Second Judicial District Court in and for County of Washoe*, 2020 Nev. Unpub. LEXIS 473, 462 P.3d 687, 136 Nev. 820 (May 7, 2020) ("In *Neville v. Eighth Judicial District Court*, 133 Nev. 777, 406 P.3d 499 (2017), we held, by necessary implication, that exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court.").

4. Venue is proper in this Court because one or more of the Defendant(s) named herein maintains its principal place of business, or otherwise is found in this judicial district, and the acts complained of herein occurred in Clark County, Nevada.

/ / /

/ / /

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

## PARTIES

5. Plaintiff MICHELLE WARING is a natural person who is a resident of the State of Nevada and was employed by Defendant from on or about January 3, 2026, to on or about January 12, 2026.

6. Defendant EARTH LIMOUSINES, LLC (hereinafter "Defendant" or "EARTH LIMO") is a Nevada corporation with a principal place of business at 3629 West Hacienda Avenue, Las Vegas, Nevada 89118. EARTH LIMO's registered agent is Earth Limousines LLC Office Manager, located at 2901 South Highlander Drive #6A, Las Vegas, Nevada 89109. At all times relevant herein, Defendant was and is an employer and engaged in commerce for the purposes of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and is an employer as defined under NRS 608.011.

7. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein, and any reference to "Defendants," or "EARTH LIMO" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

8. Defendant is in the business of providing limousine services.

9. At all times relevant herein, Defendant employed Plaintiff as a Chauffeur/Limousine driver.

10. Plaintiff was compensated on an hourly basis plus tips, with a base hourly rate of $12.00.

11. Although Plaintiff was paid an hourly rate for the hours that she worked, Defendant did not compensate Plaintiff at one and one-half times her regular rate of pay for hours that she worked in excess of forty (40) in a workweek (i.e., "Overtime Hours").

12. Defendant simply did not pay Plaintiff or any other limousine driver overtime pay when they worked over 40 hours in a workweek.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

13. Plaintiff and all other limousine drivers are not exempt from overtime compensation guaranteed by the FLSA.

14. Limousine drivers are subject to the minimum wage and overtime provisions of the FLSA pursuant to Section 306(a) and (c) of the SAFETEA–LU Technical Corrections Act, Pub. L. No. 110–244, 122 Stat. 1572 (2008), which states: "Beginning on the date of enactment of this Act, section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) shall apply to a covered employee notwithstanding section 13(b)(1) of that Act (29 U.S.C. 213(b)(1))." Under the SAFETEA–LU Technical Corrections Act ("TCA"), a covered employee includes anyone who drives a vehicle with a gross vehicle weight rating (GVWR) of 10,000 pounds or less, or who drives a vehicle legally holding no more than 8 passengers, including driver, or, in the case of a van, holds no more than 15 passengers. *See* Dep't of Labor Field Assistance Bulletin No. 2010-2 (Nov. 4, 2010) ("TCA section 306(a) extends FLSA section 7 overtime requirements to employees covered by TCA section 306(c), notwithstanding FLSA section 13(b)(1). This means the overtime pay requirements apply to an employee of a motor carrier or motor private carrier in any workweek in which the employee works, "***in whole or in part***", as a driver, driver's helper, loader, or mechanic affecting the safety of operation of small vehicles on public highways in interstate or foreign commerce." (emphasis added)).

15. Limousine drivers who spend more than a *de minimus* amount of time driving vehicles that have a GVWR of 10,000 pounds or less, or vehicles holding less than 8 passengers, are entitled to overtime. *Bedoya v. Aventura Limousine & Transp. Serv.,* CASE NO. 11-24432-CIV-ALTONAGA/Simonton 2012 WL 3962935, at *4 (S.D. Fla. Sep. 11, 2012) ("[I]f more than a *de minimis* portion of Plaintiff's work involved driving noncommercial vehicles, he is eligible for overtime under the FLSA as a "covered employee."); *Mayan v. Rydbom Express, Inc.*, 2009 WL 3152136, at *9 n. 12 (E.D.Pa. Sept.30, 2012); *McMaster v. E. Armored Servs.,* 780 F.3d 167, 170 (3d Cir. 2015).

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

16. In its employee handbook, Defendant defines the workweek as follows: The normal work week is defined to begin on Monday at 12:01 am EST and ends on Sunday at 12:00 pm EST (midnight)."

17. During the workweek of January 5, 2026, to January 11, 2026, Plaintiff worked a total of 47.77 hours. Despite having worked over 40 hours during this workweek, Plaintiff was not compensated at 1 ½ times her regular rate of pay for the 7.77 hours of overtime that she worked. Attached hereto as Exhibit A is a true and correct copy of the itemized pay statement which covers the workweek identified above. As indicated in Exhibit A, Plaintiff was only compensated her base hourly rate of $12.00 for her overtime hours. Plaintiff is therefore owed 7.77 hours of overtime compensation for those hours, not including liquidated damages, interest, attorneys' fees, or costs.

18. Defendant has known or should have known its policies alleged herein were unlawful and that they owe employees this money, and have willfully failed to pay their employees properly. Indeed, Defendant has been put on notice that since 2008, the overtime exemption no longer applies to its limousine drivers who drive vehicles with a gross vehicle weight of less than 10,000 pounds and that can transport eight passengers or fewer. Furthermore, the SAFETEA–LU TCA provided Defendant with a one-year "safe harbor" to correct the classification of its employees and avoid liability. Defendant refused to change its policy and practice of classifying limousine drivers as exempt employees and, upon information and belief, continues to deny limousine drivers overtime compensation when they work in excess of 40 hours in a workweek. Defendant's acts are thus in willful disregard of the FLSA.

19. Upon information and belief, the policies and practices of Defendant at all relevant times have been substantially similar, if not identical, for all limousine drivers it employs and all other Class Members employed by Defendant did not receive overtime compensation when they worked over 40 hours in a workweek.

20. At all times relevant herein, Defendant had an agreement with Plaintiff and all others similarly situated to pay an agreed-upon hourly wage rate for all hours they worked for

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

Defendant, including the payment of overtime for hours worked in excess of 40. Indeed, Defendants offered to pay Plaintiff and others similarly situated a specific rate of pay, plus overtime, in exchange for their promise to perform work for Defendants. As set forth below, Defendant's own handbook promised that Plaintiff and other similarly situated employees would receive overtime pay when they worked in excess of 40 hours in a workweek:

> **2.8 Pay**
> Certain employees are exempt from the overtime provisions of the U.S. Fair Labor Standards Act ("FLSA") and state laws. Exempt employees are paid on a salaried basis without respect to actual hours worked. Exempt employees may be required to work more than 40 hours per workweek without additional compensation.
>
> The workweek for hourly non-exempt employees begins each Monday at 12:01a.m, and ends the following Sunday at midnight. Hourly non-exempt employees (other than those on a flexible work week schedule) are entitled to compensation for time worked in excess of 40 hours actually worked in a workweek at the rate of 1½ times their regular hourly rate of pay. The calculation of time worked per workweek for purposes of determining overtime pay includes only time actually worked. Any other hours paid but not worked (such as jury duty, or other scheduled time off) do not constitute "time worked" and are not used in calculating overtime pay. The workweek for salaried non-exempt employees begins each Monday at 12:01am and ends the following Sunday at midnight.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

21. Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

22. Plaintiff brings this action on behalf of herself and the following similarly situated and typical employees as both a collective action under the FLSA and a Rule 23 class action under Nevada wage and hour law.

23. The **FLSA Class** consists of the following members: **All current and former employees of Defendant who worked as limousine drivers during the relevant time period alleged herein.**

24. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those she seeks to represent for the following reasons, among others:

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

a. Defendant employed Plaintiff as a non-exempt hourly paid employee who did not receive overtime premium pay of one and one-half her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

b. Plaintiff's situation is similar to those she seeks to represent because Defendant failed to pay Plaintiff and all other members of the relevant Class 1 ½ times their regular rate of pay for all hours worked over 40 hours in a workweek.

c. Common questions of fact and/or law exist whether Defendant failed to pay them one and one-half times their regular rate for all hours worked in excess of 40 hours a week.

d. Upon information and belief, Defendant employs, and has employed, in excess of 100 Class Members within the applicable statute of limitations.

e. The named Plaintiff has filed or will file their consents to sue with the Court. Plaintiff will seek conditional certification so that all class members can receive official court notice of the pendency of this action. *See, e.g.*, *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).

25. The **NWHL Class** consists of the following members: **All former employees of Defendant who worked as limousine drivers during the relevant time period alleged herein.**

26. Rule 23 treatment is appropriate for the Nevada Class and each subclass specified herein for the following reasons:

a. **Numerosity.** Upon information and belief, Defendant employed, in excess of 50 NWHL Class Members and at least several hundred within each sub-class within the applicable statute of limitations. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the identity and ascertainability of members of the NWHL Class as well as their numerosity.

b. **Typicality.** Each NWHL Class Member is and was subject to the same practices, plans, and/or policies as Plaintiff, as follows: Defendant

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

misclassified Plaintiff and other members of the NWHL Class as exempt from overtime compensation and, by doing so, has failed to compensate Plaintiff and NWHL Class Members for all their wages due and owing upon their separation of employment with Defendant.

c. **Commonality.** Common questions of law and fact exist and predominate as to Plaintiff and the NWHL Class, including, without limitation, the following: Whether Defendant can meet its burden that Plaintiff and other members of the NWHL Class are exempt employees.

d. **Adequacy.** Plaintiff will fairly and adequately represent the interests of the NWHL Class because Plaintiff is a member of the Class, she has issues of law and fact in common with all members of the Class, and she does not have any interests antagonistic to the members of the Class. Plaintiff and counsel are aware of their fiduciary responsibilities to Members of the Class and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the Class.

e. **Predominance/Superiority.** Common questions predominate in this action—i.e., whether Plaintiff and NWHL Class Members are exempt from overtime—and a class action is superior to other available means for the fair and efficient adjudication of their controversy. Each Member of the class has been damaged and is entitled to recovery by reason of Defendant's misclassification and failure to compensate members of the NWHL Class for all their wages due and owing upon termination of employment. The prosecution of individual remedies by each member of the Class will be cost prohibitive and may lead to inconsistent standards of conduct for Defendant and result in the impairment of the rights and the disposition of their interest through actions to which they were not parties.

/ / /

/ / /

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207** (On Behalf of Plaintiff and the FLSA Class Against Defendant)

27. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

28. 29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29. Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay or overtime rate of pay, whether scheduled or not.

30. Under the FLSA, the "regular rate" at which an employee must be paid includes "all remuneration for employment paid to, or on behalf of, the employee, divided by hours worked in a workweek." 29 U.S.C. § 207(e)

31. Based on the information provided above, Defendant failed to compensate Plaintiff and Class Members at a rate of 1 ½ times their regular rate of pay for all the hours that they worked in excess of 40 hours in a workweek in blatant violation of 29 U.S.C. § 207(a)(1).

32. As described above, Defendant's unlawful conduct has been widespread, repeated, and willful. As of 2008, Defendant knew or should have known that its policies and practices had been unlawful and unfair.

33. Wherefore, Plaintiff demands for herself and for all FLSA Class Members that Defendant pay Plaintiff and all FLSA Class Members one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time

period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050** (On Behalf of Plaintiff and the NWHL Class Against Defendant)

34. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

35. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

36. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

37. NRS 608.040(1)(a-b), in relevant part, states that "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

38. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

39. By failing to pay Plaintiff and NWHL Class Members all their overtime wages owed as described above, Defendant has failed to timely remit all wages due and owing to Plaintiff and NWHL Class Members.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

40. Wherefore, Plaintiff and NWHL Class Members are entitled to thirty (30) days wages under NRS 608.040 and NRS 608.140, and thirty (30) days wages under NRS 608.050 and NRS 608.140, for the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

**THIRD CAUSE OF ACTION**

**Breach of Contract**

(On Behalf of Plaintiff and the NWHL Class Against Defendant)

41. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

42. At all times relevant herein, Defendant had an agreement with Plaintiff and with every NWHL Class Member to pay overtime pay at 1 ½ times their regular rate of pay for all hours worked over 40 in a workweek. Indeed, Defendant offered to pay Plaintiff and NWHL Class Member a specific overtime rate of pay in exchange for Plaintiff and Class Members' promise to perform work for Defendant.

43. Defendant breached its agreement with Plaintiff and NWHL Class Member by failing to compensate them for overtime pay when they worked over 40 hours in a workweek.

44. As a result of Defendants' breach, Plaintiff and NWHL Class Member have suffered economic loss that includes lost wages and interest.

45. The statute of limitations for breach of a written agreement is six years.

46. Wherefore, Plaintiff demands for herself and NWHL Class Member that Defendant pay Plaintiff and NWHL Class Member their overtime pay for all hours worked over 40 hours in a workweek during the relevant time period alleged herein, together with attorney's fees, costs, and interest as provided by law.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial pursuant to FRCP 38.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all FLSA and NWHL Class Members, prays for relief as follows:

1. For an order conditionally certifying this action under the FLSA and providing notice to all members of the FLSA Class so they may participate in this lawsuit;
2. For an order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure.
3. For an order appointing Plaintiff as the representative of the Classes and her counsel as Class Counsel;
4. For damages according to proof for overtime compensation at the applicable rate under federal law for all hours worked over 40 per week;
5. For liquidated damages pursuant to 29 U.S.C. § 216(b);
6. For thirty (30) days wages pursuant to NRS 608.140 and NRS 608.040;
7. For thirty (30) days wages pursuant to NRS 608.140 and NRS 608.050;
8. For damages pursuant to Defendant's breach of contract;
9. For interest as provided by law at the maximum legal rate;
10. For reasonable attorneys' fees authorized by statute;
11. For costs of suit incurred herein;
12. For pre-judgment and post-judgment interest, as provided by law, and
13. For such other and further relief as the Court may deem just and proper.

Dated April 1, 2026

THIERMAN BUCK

By: /s/Joshua D. Buck
JOSHUA D. BUCK
LEAH L. JONES

*Attorneys for Plaintiff and all others similarly situated and the putative class*